# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Environmental Safety Consultants, Inc. ) | ASBCA No. 58343 |
| ) | |
| Under Contract No. N62470-95-B-2399 ) | |

APPEARANCE FOR THE APPELLANT:   Mr. Peter C. Nwogu
                                President

APPEARANCES FOR THE GOVERNMENT:   Ronald J. Borro, Esq.
                                  Navy Chief Trial Attorney
                                  Ellen M. Evans, Esq.
                                  Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE STEMPLER

This matter comes before us on appellant's motion for reconsideration of our 2 March 2015 decision (*Environmental Safety Consultants, Inc.*, ASBCA No. 58343, 15-1 BCA ¶ 35,906[1]), denying the appeal.

On 28 September 2011, we issued our decision converting a termination for default of the captioned contract into a termination for the convenience of the government. *Environmental Safety Consultants, Inc.*, ASBCA No. 51722, 11-2 BCA ¶ 34,848.[2] The parties were unable to settle appellant's termination for convenience claim (*see Environmental Safety Consultants, Inc.*, ASBCA No. 58343, 14-1 BCA ¶ 35,681 at 174,664), and on 29 September 2012, ESCI appealed from a deemed denial of its claim. We docketed the appeal as ASBCA No. 58343.

In response to a government motion to dismiss prompted by a *sua sponte* inquiry, on 25 July 2014 we dismissed for lack of jurisdiction all of ESCI's claims with the exception of $175,248.40 in termination settlement expenses and the claimed termination settlement amount up to $561,873.25, for being time-barred by the statute of limitations in the Contract Disputes Act, 41 U.S.C. § 7103(a)(4)(A). *Environmental Safety Consultants*, 14-1 BCA ¶ 35,681 at 174,666.[3]

---

[1] Judge Freeman who authored the decision under reconsideration has since retired.

[2] Familiarity with all the Environmental Safety Consultants, Inc. (ESCI), decisions cited herein is presumed.

[3] On 25 July 2014, we issued our opinion, partially dismissing ASBCA No. 58343, ESCI's claims for contract time and price adjustments and for breach of contract damages, for lack of jurisdiction because they were out of time under

On 23 October 2014, the Board sanctioned appellant for non-compliance with a discovery order, limiting the documents and testimony that ESCI would be permitted to introduce into the record at the upcoming hearing on its appeal. *Environmental Safety Consultants, Inc.*, ASBCA No. 58343, 14-1 BCA ¶ 35,786; *see also* 15-1 BCA ¶ 35,906 at 175,518-19. ESCI's documentary proof was further restricted at the hearing for failure to comply with pre-hearing orders concerning deadlines for submittal of documents. *Id.* at 175,519.

We issued our decision denying ESCI's remaining claim on 2 March 2015, finding "the incurred costs of the terminated work with a reasonable profit thereon are less than the progress payments made by the government, and that the settlement expenses have not been proven in any amount." 15-1 BCA ¶ 35,906 at 175,515.

By email of 26 March 2015, appellant submitted a motion dated 16 March 2015 for an extension in the period to file a motion for reconsideration of our 2 March 2015 decision. By order dated 26 March 2015, appellant's motion was denied since Board Rule 20 (2014) (48 C.F.R. chap. 2, appx. A, pt. 2) expressly states that extensions in the period to file a motion for reconsideration will not be granted.

On 10 April 2015, appellant filed a Motion for Reconsideration and Memorandum in Support, together with a request for a 30-day extension in the period to submit a fuller memorandum in support of its motion. By order dated 13 April 2015, appellant's extension request was granted until 13 May 2015. Appellant's memorandum incorporates by reference all the briefs and records filed previously in this litigation. Attached to this memorandum were 39 photographs and a document apparently generated subsequent to the filing of this appeal.

On 15 May 2015, without a motion for leave to file out-of-time, the Board received by Federal Express, another memorandum in support of appellant's motion

---

the CDA's six-year statute of limitations. *Environmental Safety Consultants,* 14-1 BCA ¶ 35,681 (gov't mot. for recon. denied, 14-1 BCA ¶ 35,785; app. mot. for recon. denied, 7 Nov. 2014, 2014 ASBCA LEXIS 365). Subsequent to the issuance of our 25 July 2014 decision, on 10 December 2014, the Court of Appeals for the Federal Circuit issued its opinion in *Sikorsky Aircraft Corporation v. United States,* 773 F.3d 1315 (Fed. Cir. 2014). *Sikorsky* reversed the Federal Circuit's line of cases holding that the CDA's statute of limitations was jurisdictional. We have re-examined our 25 July decision, considering *Sikorsky* and our findings in that decision, and conclude that on the merits, ESCI's claims dismissed in that decision for lack of jurisdiction are properly denied as time-barred by the CDA's statute of limitations.

for reconsideration.[4] Despite its lateness, the Board accepted the filing. Attached to this filing are additional documents and photographs largely of undetermined dates and record status. On 3 June 2015, appellant filed yet another "Amendment to Motion for Reconsideration Memorandum" without leave. The Board accepted this filing. Attached to this filing are hundreds of pages of photographs, copies of checks relating to various contracts, and schedules of alleged costs. On 3 August 2015, the government informed the Board that it would not file a response to appellant's motion for reconsideration.

By email of 14 August 2015, appellant informed the Board that it intended to respond to the government's 3 August 2015 "answer" by 21 August 2015. By order emailed on 14 August 2015, the Board informed appellant that it would not accept any further filings on this matter. Despite the Board's 14 August 2015 order, appellant filed a 23-page memorandum by email on 19 August 2015. This filing was not accepted by the Board by order dated 19 August 2015.

## DECISION

It is well established that motions for reconsideration are not granted lightly. We examine on reconsideration whether the motion is based on newly discovered evidence, mistakes in findings of fact or errors of law. It is not an opportunity for the moving party to reargue its position. *Bulova Technologies Ordnance Systems LLC*, ASBCA No. 57406, 14-1 BCA ¶ 35,802 at 175,101.

It appears to us[5] that a majority of appellant's motion and the memoranda in support consist of an attempt to reargue and re-litigate virtually every decision and order issued in this litigation. As to the voluminous documents and photographs attached to appellant's memoranda, they represent as near as we can determine: (1) evidence already in the record (which we have already considered); (2) items not in evidence because of discovery sanctions or evidentiary ruling for violation of pre-hearing orders (which orders and rulings we once again affirm); or (3) items presented to us for the first time (for which we have been given no convincing argument to reopen the record of this appeal). In short, we have not been presented

---

[4] This memorandum requests (at 8) that the Chairman refer the motion to the Board's Senior Deciding Group pursuant to its Charter. *See* C.F.R. chap. 2, appx. A, pt. 1. The request for referral has been denied.

[5] We say "appears" because appellant's filings are difficult to comprehend, lacking in large part citations to the record, comprised mainly of a rearguing of prior positions. *Ad hominem* attacks on agency and Board personnel are also present. *See also Environmental Safety Consultants, Inc.*, ASBCA No. 58343, 14-1 BCA ¶ 35,737.

with any information that convinces us that our 2 March 2015 decision was in error and should be revised on reconsideration.

## CONCLUSION

The motion for reconsideration is denied.

Dated: 1 September 2015

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58343, Appeal of Environmental Safety Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4